IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **MARCOS AGUIRRE** ) <br> 18033 SW 143 Ct ) <br> Miami, Fla. 33177 ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **THE CITY OF KANSAS CITY,** ) <br> **MISSOURI** ) <br> ) <br>   Serve: General Counsel ) <br>   414 E. 12th Street ) <br>   Kansas City, Mo. 64106 ) <br>     Defendant, ) <br> ) <br> **LAURA DOLD** ) <br> ) <br>   Serve: City Prosecutor's Office ) <br>   1101 Locust St. ) <br>   Kansas City, Mo. 64106 ) <br>     Defendant, ) <br> ) <br> **HOLLY DODGE** ) <br> ) <br>   Serve: City Prosecutor's Office ) <br>     1101 Locust St. ) <br>     Kansas City, Mo. 64106 ) <br>       Defendant, ) <br> ) | **JURY TRIAL DEMANDED** <br><br> Case No: 4: 21-CV-445-HFS |

**AMENDED COMPLAINT**

COME NOW Plaintiff Marcos Aguirre, pro se, and states the following for his causes of action against the Defendants.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues raised herein.

## A. PARTIES

1. Plaintiff Marcos Aguirre (hereinafter "Plaintiff" or "Mr. Aguirre") is a citizen of the United States, residing at 18033 SW 143 Ct. Miami, Fla. 33177. Plaintiff was at all times herein a student at Avila University. Plaintiff attended classes at the Avila campus located at 119th and Wornall Rd, located in Kansas City, Missouri. Plaintiff was a Junior and had played for the Avila football team. Plaintiff maintained a 3.5 GPA

2. Defendant City of Kansas City, MO (hereinafter "City") is located at 414 E. 12th Street, Kansas City, Jackson County, Mo. 64106 within the geological jurisdiction of this Court.

3. Upon information and belief, Defendant Holly Dodge (hereinafter "Dodge"), provides prosecutorial services for the City of Kansas City, Missouri, and is a resident of Kansas City, Missouri.

4. Upon information and belief, Defendant Laura Dold (hereinafter "Dold"), provides prosecutorial services for the City of Kansas City, Missouri, and is a resident of Kansas City, Missouri.

## B. JURISDICTION AND VENUE

5. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 over the claims presented in this Complaint. Plaintiff is a resident of Florida. All Defendants in this Complaint are citizens of Missouri.

6. Personal jurisdiction and venue is proper in this District pursuant to 12 U.S.C. § 1391 because each of the unlawful acts alleged in this Complaint were committed in Kansas City, Jackson County, Missouri.

7. For jurisdictional purposes, the amount in controversy is in excess of Seventy-five Thousand Dollars ($75,000). Plaintiff seeks $80,000 in compensatory and/or nominal damages, and $200,000 in punitive damages.

8. This is an action for damages pursuant to 42 U.S.C. §§ 1983 and 1988 and the United States Constitution against Defendants for committing acts under color of state law with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and law of the United States.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and U.S.C. § 1343 in that this is an action to redress violations of Plaintiff's federally constitutional rights.

### C. GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

10. At all relevant times, the City was acting by and through their actual and/or ostensible employees and agents, including Dodge and Dold (collectively "Defendants"), in operating the Kansas City Prosecutor's Office. Whenever reference in this Amended Complaint is made to any act or transaction by Defendant City of Kansas City and the Prosecutor's Office, which they exclusively operate, any such allegations shall be deemed to mean that the principals, officers, administrators, directors, employees, agents and/or representatives of such Defendant City of Kansas City and the Kansas City Prosecutor's Office knew of, authorized, ratified, performed, and/or directed such an act or transaction on behalf of such Defendant City of Kansas City Missouri while actively engaged in the scope of their duties.

11. At all relevant times, Defendants Dodge and Dold were acting within the course and within the scope of their employment and/or agency as prosecutors and in pursuit of furthering their own interests as well as the interests of the Prosecutor's Office that is exclusively operated by the City of Kansas City of Missouri.

12. Defendants Dodge and Dold and other unascertained prosecutors which furthered the prosecution of Plaintiff committed their acts or omissions towards Plaintiff in the scope and course of employment. The acts/or omissions of Defendants Dodge and Dold and other unascertained prosecutors are therefore imputed to Defendant City of Kansas City Missouri as matter of law, and therefore they are vicariously liable for all such acts and/or omissions of their employees/agents/officers including but not limited to Defendants Dodge and Dold.

13. The actions of Defendant Kansas City and Defendants Dodge and Dold, as alleged herein were ultra vires and not within the statutory authority of § 56.060 in that they were not prosecuting crimes or violations of statutes, but rather unlawfully leveraging their positions to prosecute illegal arrests made by civilians and vigilantes. Hence, at all times pertinent to his Amended Complaint, the City was not acting with their statutory authority "as a public entity" and are not entitled to sovereign immunity.

14. The actions of Kansas City and Defendant Dodge and Dold, as alleged herein, were "proprietary" and not "governmental" actions since their aim was not law enforcement and equitable justice. Accordingly, sovereign immunity does not apply because Kansas City and Defendants Dodge and Dold were not functioning in a governmental capacity in prosecuting people arrested by civilians and vigilantes.

15. The actions of Defendants Dodge and Dold, as alleged herein were ultra vires and not acts associated with the judicial phase of the criminal process, but rather acts made by unlawfully leveraging their positions to prosecute illegal arrests made by civilians and vigilantes. Hence, at all times pertinent to this Complaint, Dold and Dodge are not entitled to absolute immunity.

16. The actions of Defendants Dodge and Dold, as alleged herein were actions undertaken before there was reasonable suspicion. Hence, at all times pertinent to this Complaint, Defendants Laura Dold and Holly Dodge are not entitled to absolute immunity.

17. The actions of Defendants Dodge and Dold, as alleged herein were actions that were "clerical" in nature, therefore absolute immunity does not apply, and qualified immunity does not apply.

18. The actions of Defendant's Holly Dodge and Laura Dold, as alleged herein were wanton, reckless, malicious, and willful. Hence, at all times pertinent to this Complaint, Defendants Dodge and Dold are not entitled to qualified immunity.

19. While attending class on February 25, 2019, Mr. Aguirre was attending his 9 am Recruitment & Selection Class in the Oreily Hall of Avila University. While his professor was lecturing, an individual from the Avila Campus Safety office interrupted and demanded that Mr. Aguirre step out of the class. Afraid and confused, Mr. Aguirre complied.

20. In stepping out, Mr. Aguirre was confronted by two University of Missouri-Kansas City Campus Police Officers (hereinafter UMKC), Timothy Maybell and Sulzer (hereinafter Maybell and Sulzer). Maybell and Sulzer demanded that Mr. Aguirre get on the wall and put his hands above his head.

21. Mr. Aguirre was handcuffed in front of his peers and professors without any warning or explanation. Mr. Aguirre was scared and confused as to why he was being singled out and removed from class. Mr. Aguirre was arrested and taken to UMKC Police station by Maybell and Sulzer.

22. Maybell and Sulzer did not have a warrant to arrest Mr. Aguirre. Maybell and Sulzer were UMKC campus police officers and did not have jurisdiction to make arrests or detain people off campus in the absence of hot pursuit. There was no hot pursuit here.

23. The UMKC campus is over ten miles away from Avila. Therefore, Maybell and Sulzer did not have legal authority to arrest Mr. Aguirre.

24. Maybell and Sulzer purported that they were there to arrest Plaintiff pursuant to an apparent fight that occurred at a college party at 5336 Rockhill Road, Kansas City, Mo (hereinafter 5336) on February 3, 2019, three weeks prior. Maybell and Sulzer, nor any officers of UMKC were present at the time of the fight, and therefore did not witness any crime.

25. The UMKC Officers that responded to the incident on February 3 conducted an investigation that included interviewing witnesses and one victim at 5336. The victim and witnesses stated that the perpetrators were "five black males" and were student athletes at Rockhurst University.

26. On February 5, 2019, Defendant Maybell drove out to 5336 to speak with the victim. The victim proceeded to indicate that his assailant was now "white" and was a student athlete at Avila. Despite initial reports that the suspects were "black males" the victim now identified Mr. Aguirre, a male of Cuban heritage, as the suspect.

27. The home that is located at 5336 is not part of the UMKC campus. Therefore, UMKC police did not have legal jurisdiction or authority to investigate crimes occurring at 5336.

Maybell and other police officers acted outside of their legal authority as police officers in conducting an investigation at 5336.

28. In arresting Mr. Aguirre in an area where they did not have legal authority to arrest, for a crime that they did not witness nor have legal authority to investigate, Maybell and Sulzer effectuated a citizen's arrest, which in this case, is tantamount to armed kidnapping.

29. After being taken to the UMKC Police Station, Maybell and Sulzer sat Plaintiff in an interrogation room. Mr. Aguirre invoked his right to an attorney. About an hour later, he was again put into a police-marked vehicle by Maybell and Sulzer and transported to Kansas City Police Department (hereinafter KCPD) South Patrol Detention Unit.

30. KCPD South Patrol Detention Unit does not have authority to accept prisoners from any police officer that is not KCPD.

31. KCPD South Patrol Detention Unit and KCPD does not have authority to accept prisoners or arrestees from civilians or vigilantes.

32. KCPD South Patrol Detention Unit does not have authority to accept prisoners or arrestees taken without probable cause.

33. KCPD officers accepted Aguirre from Maybell and Sulzer. They processed him and placed him into a cell where he would remain for several hours until his mother could wire money from Florida to secure his bail.

34. Mr. Aguirre was bailed out several hours later on municipal charges of assault and property damage.

35. Defendants Dold and Dodge were on adequate notice that Plaintiff was illegally arrested, as the information contained in the police reports or relevant documents clearly stated where the alleged crime took place, i.e., 5336 Rockhill Road; and where the arrest took

place, i.e., Avila University. Both of which fall well outside the confines of UMKC and its officers.

36. None of the police reports or pertinent documents mention an arrest warrant for Plaintiff.

37. Defendants Dodge and Dold proceeded with prosecuting these fabricated charges against Plaintiff.

38. Defendants Dodge and Dold knew or should have known that Plaintiff was illegally arrested, and that there was no legal justification to prosecute him.

39. The charges against Plaintiff were dismissed within hours of the commencement of trial.

40. When the charges were dismissed on June 26, 2019, the morning of trial, Dodge emailed Plaintiff's attorney stating, "Upon further **review with the victim**, I am dismissing the case. You and your client will not need to attend." (emphasis added)

41. In prosecuting Plaintiff and working to subdue him into accepting a plea bargain, Defendants were not acting within the scope of prosecutors, but rather, were acting as mere lawyers for the fraudulent and criminal officers who facilitated the kidnapping of Mr. Aguirre.

**COUNT I -VIOLATION OF EQUAL PROTECTION CLAUSE**
**(All Defendants)**

42. To the extent they are not inconsistent with the allegation in this Count, Plaintiff hereby adopt, reallege, and incorporate paragraphs 1 through 41 and all sub-paragraphs as if fully set forth.

43. The City enforced a custom of baselessly initiating and instigating criminal charges against individuals illegally arrested based on national origin and/or indigence, including Plaintiff, based on national origin, and/or indigence.

44. The City enforced a practice and custom of "assembly-line prosecution" in which humans who were arrested by police were prosecuted regardless of probable cause and legality of arrest, thereby having a discriminatory effect on minority and indigent individuals.

45. The practice and custom were authorized by policymakers within the City and the City's Prosecutor's Office. It was a widespread practice so pervasive, permanent, and well-settled to constitute a custom, practice, or usage with the force of law. The use of intimidation and pressure to cave defendants into accepting plea bargains was "business as usual" within the City and its Prosecutor's Office and the way conduct was actually done.

46. Plaintiff had a liberty right in being free of unreasonable seizures, and unreasonable encumbrances and threats to his freedom.

47. Plaintiff's rights were violated through the continuous prosecution of him.

48. Plaintiff has been damaged as a direct and proximate result of Defendants' actions. In particular, he has suffered mental and emotional pain, mental anguish, embarrassment, humiliation, inconvenience, and other damages.

49. For these reasons, Plaintiff demands judgment for compensatory and special damages, punitive damages, an award of reasonable attorney's fees, and other damages.

**WHEREFORE** Plaintiff prays for judgment in his favor against Defendants on this Count I in a sum in excess of $75,000 and for such other relief as the Court deems just and proper.

# COUNT II-SUBSTANTIVE AND PROCEDURAL DUE PROCESS VIOLATIONS
(All Defendants)

50. To the extent they are not inconsistent with the allegation in this Count, Plaintiff hereby adopt, reallege, and incorporate paragraphs 1 through 49 and all sub-paragraphs as if fully set forth.

51. The Fourteenth Amendment to the United States Constitution protects fundamental liberty interests against certain governmental actions.

52. Defendant Kansas City by and through Defendants Dodge and Dold implemented a system of prosecution that violates Plaintiff's substantive and procedural due process rights by reasons including but not limited to: restricting Plaintiff's right to face lawful government prosecutors, prosecuting an illegal arrest made by a civilian, and enforcing a system of "assembly-line prosecution."

53. Defendants intended to further strip Plaintiff of his liberties by intending to manifest a criminal conviction of him and/or institute probationary conditions upon him.

54. Defendants succeeded in stripping Plaintiff of his liberties by imposing the confinement of a looming trial that was unlawful and unwarranted; imposed severe mental anguish, fear, doubt, and humiliation upon Plaintiff and his family.

55. Defendant Kansas City and Defendant Prosecutors operated under a system with reckless disregard for the law because they believed that the deployment of the absolute immunity and sovereign immunity doctrines would shield them from liability from state tort and constitutional violation claims.

56. Defendants violated Plaintiff's due process rights when they continuously engaged in the illegal and baseless prosecution of Plaintiff.

57. Any corrective action by Defendants came too late to remedy the adverse impact and damages caused by the improper prosecution of Plaintiff.

58. Plaintiff has been damaged as a direct and proximate result of Defendants' actions. In particular, he has suffered mental and emotional pain, mental anguish, embarrassment, humiliation, inconvenience, and other damages.

59. For these reasons, Plaintiff demands judgment for compensatory and special damages, punitive damages, an award of reasonable attorney's fees, and other damages.

**WHEREFORE** Plaintiff prays for judgment in his favor against Defendants on this Count II in a sum in excess of $75,000 and for such other relief as the Court deems just and proper.

**COUNT III-FALSE IMPRISONMENT**
**(All Defendants)**

60. To the extent they are not inconsistent with the allegation in this Count, Plaintiff hereby adopt, reallege, and incorporate paragraphs 1 through 59 and all sub-paragraphs as if fully set forth.

61. Defendants forced Plaintiff to remain in Kansas City while his charges were pending and while his trial approached. Plaintiff could not have reasonably left the Kansas City area on January 26, 2019 without running the risk that he would become a fugitive and therefore be subject to serious bodily injury. Defendants' actions presented a threat to Plaintiff that he will be charged and taken to jail against his will.

62. Defendants' actions were unlawful because Defendants had no authority and no legal basis to subject Plaintiff to this confinement and imprisonment and further threat of confinement and imprisonment.

63. Defendants' actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for rights of Plaintiff.

64. Plaintiff has been damaged as a direct and proximate result of Defendants' actions. In particular, he has suffered mental and emotional pain, mental anguish, embarrassment, humiliation, inconvenience, and other damages.

65. For these reasons, Plaintiff demands judgment for compensatory and special damages, punitive damages, an award of reasonable attorney's fees, and other damages.

**WHEREFORE** Plaintiff prays for judgment in his favor against Defendants on this Count III in a sum in excess of $75,000 and for such other relief as the Court deems just and proper.

**COUNT IV-Negligent Hiring, Training, Supervision and Retention**
**(Defendant Kansas City through their Defendant Prosecutors)**

66. To the extent they are not inconsistent with the allegation in this Count, Plaintiff hereby adopt, reallege, and incorporate by reference the allegations contained in paragraphs 1 through 65 above.

67. At all times relevant to this litigation Defendant Kansas City and its agents in all of the above described actions occurred in the scope and course of employment even though they were violating their own policies, and they were done by Defendant to further the

amount of cases prosecuted by the City and by prosecuting Defendants and under the general authority of Kansas City and such acts naturally arose from the performance of their work. The negligent acts and/or omissions of employees/agents and officers including Dodge and Dold are imputed as a matter of law to Defendant Kansas City and they are therefore vicariously liable for all such negligent acts and/or omissions.

68. Defendants Dodge and Dold owed a duty to Plaintiff to use that degree of skill, care, and learning ordinarily used by prosecutors in their respective area of work and/or the highest degree of care that being the degree that a very careful person/prosecutor would use under the same or similar circumstances, to protect Plaintiff against unreasonable risks of harm and violation of his civil rights as a citizen of the United States and student living in Kansas City through the hiring of qualified personnel, the proper training of their personnel, and proper supervision and retention of qualified personnel.

69. Defendant Kansas City breached their duty to exercise that degree of skill, care and learning ordinarily used by prosecutors and prosecutor's offices in their respective areas of providing prosecutorial services and dutifully and lawfully adhering to the law, and respecting citizens' rights under the same or similar circumstances and or the highest degree of care that being the degree of care that a very careful person/prosecutor would use under the same or similar circumstances to protect plaintiff and citizens against unreasonable risks of harm through their hiring of qualified personnel, the proper training of their personnel, and proper supervision and retention of qualified personnel.

70. As a direct and proximate result of the above-described negligence of Defendant City of Kansas City and their agents and employees for which Defendant is vicariously liable,

and directly liable to Plaintiff Marcos Aguirre who suffered mental and emotional pain, mental anguish, embarrassment, humiliation, inconvenience, and other damages.

71. For these reasons, Plaintiff demand judgment for compensatory and special damages, punitive damages, an award of reasonable attorney's fees, and other damages.

**WHEREFORE** Plaintiff prays for judgment in his favor against Defendants on this Count III in a sum in excess of $75,000 and for such other relief as the Court deems just and proper.

**COUNT V-ABUSE OF PROCESS**
**(All Defendants)**

72. To the extent they are not inconsistent with the allegation in this Count, Plaintiff hereby adopt, reallege, and incorporate paragraphs 1 through 71 and all sub-paragraphs as if fully set forth.

73. In prosecuting Plaintiff without legal authority, probable cause, for an arrest administered by citizens, Defendants made an illegal, improper, willful, and perverted use of the criminal justice system that was neither warranted nor authorized by the system.

74. The Defendants leveraged their title and authority to seek professional and personal gain and/or protect allied departments who were initially responsible for the illegal arrest of Plaintiff. Defendants waited until the morning of trial to dismiss Plaintiff's fabricated criminal charges in hopes that Plaintiff would cave and accept guilty plea.

75. Plaintiff has been damaged as a direct and proximate result of Defendants' actions. In particular, he has suffered mental and emotional pain, mental anguish, embarrassment, humiliation, inconvenience, and other damages.

76. Defendants' actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for rights of Plaintiff.

77. For these reasons, Plaintiff demand judgment for compensatory and special damages, punitive damages, an award of reasonable attorney's fees, and other damages.

**WHEREFORE** Plaintiff prays for judgment in his favor against Defendants on this Count III in a sum in excess of $75,000 and for such other relief as the Court deems just and proper.

### COUNT VI-MALICIOUS PROSECUTION
### (All Defendants)

78. To the extent they are not inconsistent with the allegation in this Count, Plaintiff hereby adopt, reallege, and incorporate paragraphs 1 through 77 and all sub-paragraphs as if fully set forth.

79. Defendants actively fabricated and/or caused and/or participated and/or instigated in the criminal prosecution of Plaintiff.

80. Charges against Plaintiff were dismissed a few hours before trial was set to begin on June 26, 2019.

81. Defendants knew or should have known that Plaintiff was illegally arrested by a civilian or vigilante who had never witnessed Plaintiff commit a crime, and that therefore there was no legal authority to prosecute him.

82. Defendants knew that the statements given by witnesses and the victim were inconsistent, contradictory, and improbable.

83. Defendants purposely and maliciously intended to harm Plaintiff. Defendants sought to intimidate Plaintiff into accepting a guilty plea, sought to protect liability of those

responsible by obtaining guilty plea of Plaintiff, and sought to strip Plaintiff of his liberties.

84. Defendants' actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for rights of Plaintiff.

85. Plaintiff has been damaged as a direct and proximate result of Defendants' actions. In particular, he has suffered mental and emotional pain, mental anguish, embarrassment, humiliation, inconvenience, and other damages.

86. For these reasons, Plaintiff demand judgment for compensatory and special damages, punitive damages, an award of reasonable attorney's fees, and other damages.

      **WHEREFORE** Plaintiff prays for judgment in his favor against Defendants on this Count III in a sum in excess of $75,000 and for such other relief as the Court deems just and proper.

      Respectfully submitted,
Marcos Aguirre

By *Marcos Aguirre*
MARCOS AGUIRRE, PRO SE PLAINTIFF
18033 SW 143 Ct
Miami, Fla 33177
(305)857-8949
Aguirremarcos1097@gmail.com